IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-CV-00205-M

ADA YVETTE DAVIS,

    Plaintiff,

v.

WELLS FARGO AUTO,
DANIEL BOOZER, and
CHARLES SCHARF, Wells Fargo CEO,

    Defendants.

ORDER

This matter comes before the court on Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 7]. In this action, the Plaintiff, proceeding *pro se*, alleges that Defendants[1] made "racial remarks in [her] presence" causing "black people to be working in a hostile environment" in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") seeks dismissal of this case, arguing that Plaintiff failed to exhaust the required administrative remedy in a timely manner before filing this action and, alternatively, Plaintiff fails to state a plausible claim for relief. Wells Fargo also contends that Title VII does not permit claims against individual defendants, and that Plaintiff failed to file charges of discrimination against the individual defendants.[2] For the reasons that follow, the court grants the

---

[1] When this case was initially filed, the Clerk of the Court construed the Complaint as alleging claims against Charles Scharf and, separately, against "Wells Fargo CEO." However, the record reflects that Charles Scharf was the CEO of Wells Fargo at all relevant times and, thus, the court will treat Mr. Scharf and "Wells Fargo CEO" as a single Defendant in this case.

[2] Counsel for Wells Fargo purports to argue on behalf of the individual Defendants; however, while it is possible that Wells Fargo, the individual Defendants' employer, might eventually provide

present motion and dismisses Plaintiff's claim against Wells Fargo. In addition, the court sua sponte dismisses the individual Defendants for Plaintiff's failure to serve them within the time required in Rule 4(m) of the Federal Rules of Civil Procedure.

I.  **Background**

   A.  Plaintiff's Factual Allegations

The following are relevant factual allegations (as opposed to statements of bare legal conclusions, unwarranted deductions of fact, or unreasonable inferences) made by the Plaintiff in the operative Complaint (DE 1), which the court must accept as true at this stage of the proceedings pursuant to *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Plaintiff was employed by Wells Fargo at all relevant times. Plaintiff asserts that, since the beginning of her employment in September 2017, she has "experienced several incidents of racial discrimination from managers who have made racial remarks in [her] presence and others about African-American people/employees. The racial comments [have] caused Black people to be working in a hostile environment where you are made to feel less than Caucasian people. Oftentimes, these managers made racial comments in the form of a joke to try to disguise the racism."

Plaintiff alleges, for example, that in 2018, Josh Braskins, a Caucasian supervisor, frequently called Garrison McCormick, a Black supervisor, "boy" and told Mr. McCormick to call him "daddy."[3]

---

representation to Mr. Scharf and Mr. Boozer in this action, such possibility has not been argued here, and neither the individual Defendants nor any lawyer(s) representing them have entered an appearance in this case.

[3] *See* Charge of Discrimination, DE 8-1. The court may consider Plaintiff's charge of discrimination without converting the motion to dismiss into one for summary judgment. *See Brown v. Inst. For Fam. Centered Servs., Inc.*, 394 F. Supp. 2d 724, 729 n.2 (M.D.N.C. 2005).

2

On December 10, 2019, Wells Fargo Site Manager Daniel Boozer made the following comment to Plaintiff's African-American male team member in the presence of Plaintiff and other employees: "I see you are all dressed up today; do you have to go and see your probation officer after work?"

In September 2020, the news media reported that Wells Fargo CEO Charles Scharf "made a very negative comment about Black people during an in-house meeting, stating that the reason why Wells Fargo does not have a lot of Black people in management roles [was] because we lack the talent."

B. Procedural History

Based on these allegations, Plaintiff filed the operative Complaint on May 5, 2021 alleging she suffered discrimination by the Defendants in the form of a hostile work environment based on her race. Wells Fargo responded to the Complaint by filing the present motion to dismiss arguing that Plaintiff's claim is time-barred; Plaintiff's allegations fail to establish a hostile work environment in violation of Title VII; Title VII does not permit claims against individual defendants; and Plaintiff failed to exhaust her claims against the individual Defendants. Although instructed to do so (DE 9), Plaintiff did not file a response to Wells Fargo's motion. The record further indicates that Plaintiff has not served the individual Defendants within the time period required by Rule 4(m) of the Federal Rules of Civil Procedure, and these Defendants have made no appearance in this case.

II. **Legal Standards**

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of

---

"The EEOC charge is referenced in Plaintiff's complaint and is central to Plaintiff's claim in that Plaintiff must rely on it to establish she has exhausted her administrative remedies." *Id.*

3

the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

To survive a Rule 12(b)(6) motion, the plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

In analyzing motions to dismiss under Rule 12(b)(6), "pro se pleadings are 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *King*, 825 F.3d at 214 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. Analysis

The parties (and the court) agree that, although it is not specifically stated, the operative Complaint purports to allege a claim for a hostile work environment based on Plaintiff's race in violation of Title VII. Plaintiff appears to assert this claim against Wells Fargo, Mr. Scharf, and Mr. Boozer. Wells Fargo contends that dismissal is proper for four reasons: (1) Plaintiff's claim is time-barred; (2) Plaintiff fails to state a plausible hostile work environment claim; (3) Plaintiff is not permitted to sue individual defendants for unlawful discrimination pursuant to Title VII; and (4) Plaintiff has failed to exhaust required administrative remedies against the individual Defendants. The court finds that, on its face, Plaintiff's claim against Wells Fargo is timely, but she fails to state a plausible hostile work environment claim. In addition, Plaintiff has failed to serve the individual Defendants as required by Rule 4(m) and, thus, these Defendants must be dismissed from the action.

    A.    Timeliness

Wells Fargo contends that the alleged "discrete acts," which support Plaintiff's hostile work environment claim, occurred more than 180 days before Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and, thus, the claim is untimely. Wells Fargo fails to acknowledge, however, the well-established rule that a Title VII hostile work environment claim is not untimely as long as at least one act supporting the claim occurred within the limitations period.

5

In North Carolina, to pursue a claim under Title VII, a plaintiff must file a charge of discrimination with the EEOC within a statutorily defined period of 180 days after the allegedly discriminatory act occurs. *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 221 (4th Cir. 2016) (citing 42 U.S.C. § 2000e–5(e)(1)); *see also Davis v. Am. Airlines, Inc.*, 792 F. App'x 265 (4th Cir.), *cert. denied*, 141 S. Ct. 256, 208 L. Ed. 2d 27 (2020). In this case, Plaintiff filed her charge of discrimination on February 1, 2021 (*see* DE 8-1); therefore, the conduct supporting her claim must have occurred on or after August 4, 2020.

Wells Fargo argues that Plaintiff's allegations demonstrate her claim is untimely. While the court agrees that the conduct alleged to have occurred in 2018 and 2019 appear to be time-barred, the conduct alleged to have occurred in September 2020, and more particularly on September 22, 2020 (*see* DE 8-1) is not, taken as true, untimely.

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice,' and the Supreme Court has held that such claims are subject to a 'continuing violation' theory: 'In determining whether an actionable hostile work environment claim exists, we look to 'all the circumstances,' and '[p]rovided that an act <u>contributing</u> to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.'" *Guessous*, 828 F.3d at 221–22 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–17 (2002)). In *Guessous*, the Fourth Circuit reversed the lower court's finding that discrete acts, which are separately actionable, such as termination or failure to promote, cannot comprise part of a hostile work environment claim. *Id.* at 222. The court cited the Supreme Court's 2016 opinion in *Green v. Brennan* for the proposition that "even if a claim of discrimination based on a single discriminatory act is time barred, that same act could still be used as part of the basis for a hostile-

6

work-environment claim, so long as one other act that was part of that same hostile-work-environment claim occurred within the limitations period." *Id.* at 223 (quoting *Green v. Brennan*, 578 U.S. 547, 562 n.7 (2016)).

In this case, taking the allegations as true, this court finds the conduct alleged to have occurred on September 22, 2020, to the extent it may be plausibly construed as an act contributing to the hostile environment claim, suffices to demonstrate Plaintiff's claim is not time-barred. Wells Fargo disagrees and, citing copies of news articles attached to its motion, contends that the alleged conduct *actually* occurred in June 2020. However, unlike Plaintiff's February 1, 2021 charge of discrimination, these articles are neither referenced in nor central to the Plaintiff's complaint and, thus, the court may not consider them in determining whether the Complaint states a plausible claim for relief. Plaintiff's mention that the alleged discriminatory statement was "released to the media" (Compl., DE 1 at 4) is insufficient to allow the court to consider any and all news reports concerning Mr. Scharf's statement for a Rule 12(b)(6) analysis. Wells Fargo asserts that the Reuters article filed as "Exhibit 2" to its motion constitutes the September 22, 2020 news report referenced in the Complaint, but the court is not convinced. First, the article in Exhibit 2 is not dated. Second, the article reports a June 2020 statement made by Mr. Scharf in a memorandum (DE 8-2 at 2), while the Complaint alleges the statement was made "during an in-house meeting" (DE 1 at 4). The court finds that consideration of the Reuters article and other attached articles is improper for its analysis of the present motion and concludes that Plaintiff's allegations, taken as true and to the extent they state a plausible hostile work environment claim, do not demonstrate the claim is untimely.

7

Case 5:21-cv-00205-M   Document 11   Filed 01/05/22   Page 7 of 12

B. Failure to State Plausible Claim

Wells Fargo argues, in the alternative, that Plaintiff's allegations fail to support a plausible claim for a hostile work environment in violation of Title VII. The court agrees.

To demonstrate she suffered a hostile work environment claim in violation of Title VII, the Plaintiff must plausibly allege: "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender or race; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 192 (4th Cir. 2019); *see also Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (reviewing order granting motion to dismiss).

The severe or pervasive element has both a subjective and objective component. *Evans*, 936 F.3d at 192 (citing *E.E.O.C. v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009)). For the subjective component, the Plaintiff must allege that she "did perceive, and a reasonable person would perceive, the environment to be abusive or hostile." *Id.* For the objective component, the Plaintiff must allege facts establishing that a reasonable person in her position would find the environment objectively hostile or abusive. *Id.* This court finds that, even if Plaintiff's allegations were sufficient to demonstrate the subjective component, Plaintiff fails to allege facts supporting a plausibility that a reasonable person would find Plaintiff's work environment hostile or abusive.

The Fourth Circuit instructs that "when determining whether the harassing conduct was objectively 'severe or pervasive,' [courts] must look 'at all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

8

employee's work performance.'" *Id.* (quoting *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) (citation omitted)). "Plaintiffs must clear a high bar in order to satisfy the objective severe or pervasive test." *Id.* (brackets and citation omitted). "[I]ncidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *Id.*

Considering the totality of the circumstances alleged in this case, the court finds that three statements, even if determined to be racially charged, which were not made to or about the Plaintiff and which occurred over the space of two to two-and-a-half years, are insufficient to establish a plausibility that Plaintiff's work environment was/is objectively hostile or abusive. The offensive statements, taken as true, do not amount to "physically threatening or humiliating" remarks. *See Evans*, 936 F.3d at 192 (The "'mere utterance of an . . . epithet' which engenders offensive feelings in an employee 'does not sufficiently affect the conditions of employment to implicate Title VII.'") (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Plaintiff alleges that she and others are "made to feel less than Caucasian people"; however, she makes no allegations demonstrating that the statements have unreasonably interfered with her (or other employees') work performance. *See id.* ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'") (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

The court concludes that Plaintiff has failed to allege a plausible hostile work environment claim based on her race against Wells Fargo and will grant the present motion to dismiss the claim.

C. Individual Defendants

Wells Fargo argues that Title VII does not permit claims for relief against individual defendants and that Plaintiff has failed to exhaust her administrative remedies against the

9

individual Defendants in this case. Even if Wells Fargo is correct, neither Mr. Scharf nor Mr. Boozer has appeared in this case, and Wells Fargo, through its counsel, does not profess to represent the individual defendants.

However, the court concludes that dismissal of the individual Defendants is proper due to the Plaintiff's failure to serve them. Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Fed. R. Civ. P. 4(m). On August 4, 2021, this court notified Plaintiff of her failure to serve Mr. Scharf and Mr. Boozer within the rule's time limit and advised that "[f]ailure to respond to this notice within the time allotted will result in the dismissal of defendants Wells Fargo CEO, Daniel Boozer, and Charles Scharf without prejudice." DE 10. Plaintiff has filed no response to the notice; accordingly, Defendants Boozer and Scharf are properly dismissed without prejudice from this action pursuant to Rule 4(m).

## IV. Conclusion

Even taking as true Plaintiff's allegations that Wells Fargo's management made three racially charged statements, the Complaint reveals that the statements were made over the course of two to two-and-a-half years, were made neither to nor about the Plaintiff, were not physically threatening or humiliating, and did not unreasonably interfere with Plaintiff's or other employees' work performance. The court finds Plaintiff's allegations insufficient to state a plausible claim against Wells Fargo for a hostile work environment in violation of Title VII.

Typically, the court may grant this pro se Plaintiff an opportunity to amend her Complaint, to the extent she may have additional information that might "nudge [her] claims . . . across the

10

line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680. However, the Plaintiff has filed nothing in this case since May 5, 2021, the day she initiated this action and, in light of the fact that she failed to respond to this court's instruction to respond to the present motion, it appears Plaintiff has abandoned her claims. Moreover, Wells Fargo refers to a previous action filed by Plaintiff—*Ada Yvette Davis v. Wells Fargo Auto, Michael Airy, and Dan Boozer*, No. 5:20-cv-00497-M—in which she alleged the same conduct by Mr. Boozer. *See* Memo., DE 8 at 1. While that action was resolved on a basis other than the merits (and, thus, has no preclusive effect here), its existence demonstrates the Plaintiff's familiarity with the court's process and that this action is Plaintiff's second attempt to recover under the same or similar conduct. As Plaintiff has had, essentially, a second opportunity to allege sufficient facts to state a plausible hostile work environment claim in this case but has failed to prosecute that claim, the court finds no basis on which to grant, sua sponte, a *third* opportunity for the Plaintiff to allege her claim against Wells Fargo. *See King*, 825 F.3d at 225 (where a district court fails to give a pro se plaintiff an opportunity to amend or to explain why amendment would be futile, a Rule 12(b)(6) dismissal should generally be without prejudice).

Furthermore, the court finds that, pursuant to Rule 4(m), it "must" dismiss the individual Defendants, Daniel Boozer and Charles Scharf, for the Plaintiff's failure to serve them in a timely manner and her failure to respond to this court's notification of her Rule 4(m) failure.

Therefore, Defendant Wells Fargo's Motion to Dismiss Plaintiff's Complaint [DE 7] is GRANTED. Plaintiff's claim against Wells Fargo is dismissed with prejudice. In addition, Plaintiff's claims against Defendants Boozer and Scharf are dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Clerk of the Court is directed to enter judgment in favor of the Defendants and close this case.

SO ORDERED this 4th day of January, 2022.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE